**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**YVETTE JORDAN,**

                              **Plaintiff,**

         **v.**                                            **1:05-CV-1334**
                                                           **(NAM)(RFT)**

**LINDA GRIFFIN; CHARLES HALL;**
**CHUCK THOMAS;  JENNIFER HASTINGS;**
** DONNA ROARKE,**

                              **Defendants.**

---

APPEARANCES:

YVETTE JORDAN
Plaintiff, *pro se*

**Hon. Norman A. Mordue, D.J.:**

### DECISION and ORDER

By Decision and Order filed November 30, 2005, this Court ruled that the original pleading

filed by *pro se* plaintiff Yvette Jordan failed to state a claim against the named defendants upon which

relief could be granted.  Dkt. No. 3.[1]  In light of her *pro se* status, plaintiff was afforded an opportunity

to file an amended complaint.  *Id*. at 3-4.

Plaintiff's amended complaint is presently before this Court for consideration.  Dkt. No. 4.

Plaintiff has also filed a renewed *in forma pauperis* application.  Dkt. No. 5.

In its prior Decision and Order, the Court determined that the claims asserted in plaintiff's

original pleading appeared to arise out of a domestic relations matter over which the federal courts lack

jurisdiction.  Dkt. No. 3 at 4.[2]  *See Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y. 1990).

---

[1]  Plaintiff's *in forma pauperis* application was denied as incomplete.  *Id*. at 1-2.

[2]  Plaintiff claimed in her original complaint that her visitation rights were improperly
suspended in August, 2005, and that she has been treated unfairly and inconsiderately by the

Moreover, although the status of the state court proceedings complained of by plaintiff could not be determined from the complaint, this Court noted that its declination to consider plaintiff's claims may well also be mandated by the precepts of federalism and comity enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). *See Neustein, supra,* 732 F.Supp. at 341. In addition, any attempt by plaintiff to relitigate matters already decided in state court proceedings would be precluded by the doctrines of res judicata and collateral estoppel. *Id.* at 342.

Upon review of plaintiffs' amended complaint, the Court finds that plaintiff has failed to cure the deficiencies discussed by the Court in its prior Decision and Order. The allegations in the amended complaint do not differ in any material respect from those in plaintiff's original pleading.[3] Plaintiff complains that various determinations made in family court regarding her visitation rights with her son were unfair, and that she was treated rudely and disrespectfully. Dkt. No. 4 at 3-4.[4]

For the reasons set forth by the Court in its prior Decision and Order, Plaintiff's amended complaint, as drafted, fails to state a claim upon which relief may be granted, and is hereby dismissed.

Accordingly, based upon the foregoing, it is hereby

ORDERED, that this action is dismissed due to Plaintiff's failure to state a claim upon which relief can be granted, and it is further

ORDERED, that plaintiff's renewed *in forma pauperis* application (Dkt. No. 5) is denied as

---

defendants in connection with these matters. Dkt. No. 1 at 2-3.

[3] The fact that plaintiff's amended complaint was completed on a form available for employment discrimination claims brought pursuant tot Tile VII of the Civil Rights Act of 1964, as amended, is of no legal significance.

[4] The amended complaint identifies two of the defendants as an attorney and a judge, both of whom appear to be immune from liability on plaintiff's claims. The other defendants are not clearly identified, nor does the amended complaint set forth claims of wrongdoing or misconduct as against them.

moot, and it is further

ORDERED, that the Clerk serve a copy of this Order on plaintiff.

IT IS SO ORDERED.

Dated:  January 25, 2006
      Syracuse, New York

Norman A. Mordue
U.S. District Judge

3